IoN THE UNITED STATES DISTRICTo COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAMUEL WOLFORD,**

  Petitioner,

 v.         Civil Action 2:12-cv-0461
            Criminal No. 2:11-cr-0016
            Judge Smith
            Magistrate Judge King

**UNITED STATES OF AMERICA,**

  Respondent.

## OPINION AND ORDER

  This is an action under 28 U.S.§ 2255 in which petitioner asserts, *inter alia*, claims of ineffective assistance of trial counsel. This matter is now before the Court on respondent's motion to hold the action in abeyance pending petitioner's execution of a written waiver of the attorney-client privilege as it relates to the claims asserted in this action. Doc. No. 37. Petitioner opposes the motion, Doc. No. 38, taking the position that counsel should instead be appointed for him and an evidentiary hearing should be scheduled.

  Petitioner has already implicitly waived his attorney-client privilege as it relates to his claims of ineffective assistance of counsel. *See In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005)(citing *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [Petitioner] put at issue – and thereby waived – any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices")(other citations omitted)). "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim

of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *see also United States v. Bilzerian,* 926 F.3d 1285, 1292 (2nd Cir. 1991)(attorney-client "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1975)("Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege."). The Court will therefore grant respondent's request that petitioner formally waive the privilege.

Respondent's request to hold this case in abeyance pending petitioner's written waiver of his attorney-client privilege, Doc. No. 37, is **GRANTED.**

Petitioner is **DIRECTED** to submit a written waiver of his attorney-client privilege as it pertains to the allegations of ineffective assistance of counsel actually asserted in this action. The written waiver must be filed within fourteen (14) days of the date of this *Order*. Failure to do so may result in the dismissal of Petitioner's claims of ineffective assistance of counsel.

                                          *s/Norah McCann King*
                                          Norah McCann King
                                          United States Magistrate Judge

Date: July 2, 2012